**UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA**

**TAMPA DIVISION**

**CASE NO. 8:26-CV-** 3004-MSS-AEP

**DERREL LEONARD THOMAS,**

**Plaintiff,**

**-vs-**

OCT 1 2026 AM11:33
FILED - USDC - FLMD - TPA

**JPMORGAN CHASE BANK N.A.,**

**LENDER LEGAL PLLC,**

**ALEXANDRA KALMAN,**

**Defendants.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I. PARTIES

**1. Derrel Leonard Thomas is an individual, a citizen of the State of Florida And a resident of Brooksville, Florida. Plaintiff is a "consumer" and a "Debtor" as defined under federal and state consumer protection laws. At All times relevant to this action, Plaintiff was the lawful occupant and Owner of the real property subject to this dispute.**

**2. Defendant JPMorgan Chase Bank, N.A. is a national banking associa-Tion with its principle place of business located at 1111 Polaris Parkway,**



TPA
74966
$405.-

**Columbus, Ohio 43240. Plaintiff sues Defendant JPMorgan Chase Bank N.A. in its corporate capacity for injuries caused by the actions, omissions And policies of its employees and authorized agents.**

**3. Defendant Lender Legal PLLC is a Florida professional limited liability Company with its primary office and principle place of business located at 1800 Pembrook Drive, Suite 250, Orlando, Florida 32810. Plaintiff sues Defendant Lender Legal PLLC in its corporate capacity for injuries caused By the actions, filings, and practices of its partner attorneys, associates, And employees.**

**4. Defendant Alexandra Kalman, Esq. is an individual, an attorney Licensed to practice law in the State of Florida (Bar No. 109137), and an Employee , partner, or agent of Defendant Lender Legal PLLC, operating out Of the office located at 1800 Pembrook Drive, Suite 250, Orlando, Florida 32810. Plaintiff sues Defendant Kalman in her individual capacity for her Personal actions and omissions while executing foreclosure and eviction Actions against Plaintiff.**

## II. JURISDICTION AND VENUE

**5. Federal Question Jurisdiction. This Court has subject-matter Jurisdiction over this action pursuant to 28 U.S.C. & 1331, as this case Arises under the laws of the United States, specifically the Fair Debt Collection practices Act ("FDCPA"), 15 U.S.C. & 1692, et seq., and Civil Rights Claims under 42 U.S.C. & 1983 for violations of the Four-Tenth Amendment to the United States Constitution.**

**6. Supplemental State Jurisdiction. This Court has supplemental Jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. & 1367, because the claims brought under the Florida Consumer Collection Practices Act (FCCPA"), Fla. Stat. & 559.55, et seq., are so Related to the federal claims that they form part of the same constitutional Case or controversy, and arise from identical nucleus of operative facts.**

**7. Geographic Venue. Venue is proper in the United States District Court For the Middle District of Florida pursuant to 28 U.S.C & 1391(b)(1) and (b)(2) because all named Defendants engage in business within this judicial**

**District, and a substantial part of the events, omissions, and unlawful Execution of property dispossession giving rise to Plaintiff's Claims Occurred in Brooksville, Florida, which sits within this district.**

**8. Related Cases & Ongoing Federal Jurisdiction. Jurisdiction is further Anchored by this Court's permanent, unremanded authority over the Operative case timeline. Plaintiff previously removed the state court Foreclosure proceedings to this Court in Thomas v. Judge Pamela Vergara, et al., Case No. 8:25-cv-01327-JLB-SPF. Although that case Was dismissed without prejudice on December 2, 2025, this Court never Issued a formal remand order to the state court. Pursuant to 28 U.S.C. & 1447(c).**

## III. STATEMENT OF THE FACTS

**9. Plaintiff is the owner and was, at all times relevant to this action, the Lawful and peaceful resident of the real property located at 821 Moonlight Lane, Brooksville, Florida 34601.**

**10. Defendant JPMorgan Chase Bank, N.A., through a retained foreclosure**

Counsel , Defendant Lender Legal PLLC and individual attorney Alex-Andra Kalman, Esq., sought to enforce a consumer mortgage debt and Secure a foreclosure judgment against Plaintiff in Florida state court.

11. On or about May 29, 2025, Plaintiff legally and procedurally removed The state court foreclosure action to the United States District Court for the Middle District of Florida, where it was docketed as Thomas v. Judge Pamela Vergara, et al., Case No. 8:25-cv-01327-JLB-SPF.

12. Pursuant to 28 U.S.C. & 1446(d), the filing of the notice of removal Immediately stripped the Florida state court of all subject-matter jurisdiction. The state court was legally forbidden to proceed any further unless and until The federal case was formally remanded.

13. On December 2, 2025, U.S. District Judge John L. Badalamenti entered An order dismissing Plaintiff's federal complaint without prejudice.

14. Crucially, the Middle District of Florida never entered a formal remand Order, nor did the federal clerk transmit a certified copy of a remand Order to the state court clerk (EX-1) (state court docket sheet), to restore

**The state court's jurisdiction.**

**15. Under the binding precedent of the United States Supreme Court in Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano, 589 U.S. 57 (2020), a state court does not automatically regain jurisdiction upon a fed- Eral dismissal; jurisdiction remains frozen in the federal system until a Formal remand order is issued. Consequently, the state court continued to Possess absolute zero subject-matter jurisdiction over the property or the Parties.**

**16. On February 23, 2026, Plaintiff was unlawfully taken into state custody And unlawfully incarcerated, physically incapacitating Plaintiff and remo- Ving Plaintiff from the residence.**

**17. On February 24, 2026,-the day after Plaintiff was incarcerated-Defen- Dants Alexandra Kalman and Lender PLLC, acting on behalf of JPMor- Gon Chase, filed a motion for a Writ of Possession in the state court.**

**18. Defendants Kalman and Lender Legal PLLC were counsel of record In the unremanded federal action and possessed actual, subjective legal**

**Knowledge that no federal remand order had been entered, and that the state court lacked jurisdiction.**

**19. Defendants intentionally capitalized on Plaintiff's unlawful incarcera- Tion and physical absence from the property to push forward with pro Perty dispossession, ensuring that Plaintiff would receive no meaningful Notice or physical opportunity to object.**

**20. Operating completely outside lawful jurisdiction, the state court issued A Writ of Possession on March 11, 2026, (EX-2). (Note: Plaintiff had in- Formed the Clerk of Court in writing of a need for a remand, Defendants Was fully aware of the law, (EX-3).**

**21. On or about March 11, 2026, Defendants executed the void Writ of Possession by utilizing the local Sheriff's Office to execute physical lock- Out, unlawfully evicting Plaintiff from the home without proper due pro- Cess notice.**

**22. As a direct result of Defendants' coordinated, extra-jurisdictional Actions, Plaintiff was wrongfully dispossessed of the home, suffering**

**Severe emotional distress, and Plaintiff's personal property left inside the Residence was permanently seized, displaced, or destroyed.**

## IV. CLAIMS FOR RELIEF

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) (15 U.S.C. & 1692f(6)- AGAINST ALL DEFENDANTS

**23. Plaintiff realleges and incorporates by reference the allegations con-Tained in paragraphs 1 through 22 as if fully set forth herein.**

**24. Defendants Lender Legal PLLC and Alexandra Kalman, Esq. are "debt collectors" as defined by 15 U.S.C. & 1692a(6), as they regularly use The instrumentalities of interstate commerce and mails to collect consumer Debts and enforce security interests.**

**25. The mortgage obligation Defendants sought to enforce constitutes a "debt" as defined by 15 U.S.C. & 1692a(5).**

**26. Under 15 U.S.C. & 1692f(6), a debt collector is legally prohibited from From taking or threatening to take nonjudicial or unauthorized judicial**

**Action to effect dispossession of property if there is no present right to Possession of the property.**

**27. Defendants violated the FDCPA by filing for a Writ of Possession on February 24, 2026, and executing the physical eviction of Plaintiff on March 11, 2026. Defendants possessed no present right to possession be-Cause the state court was completely stripped of subject-matter jurisdic-Tion under 28 U.S.C. & 1446(d) and Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano, 589 U.S. 57 (2020).**

**28. As a direct and proximate result of Defendants' unfair, deceptive, and Abusive debt collection practices, Plaintiff suffered economic and emotion-Al damages.**

**COUNT II. VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) (Fla. Stat. & 559.72(9) AGAINST ALL DEFENDANTS)**

**29. Plaintiff realleges and incorporates by reference the allegations con-Tained in paragraphs 1 through 22 as if fully set forth herein.**

**30. Plaintiff is a "debtor" and the mortgage obligation is a "consumer Debt" under Fla. Stat. & 559.55.**

**31. Pursuant to Fla. Stat. & 559.72(9), no person shall assert, claim, or Threaten to enforce a consumer debt when such person knows that the Right does not exist.**

**32. Defendants Kalman and Lender Legal PLLC, as sophisticated counsel Of record in the unremanded federal case, had actual and constructive Knowledge that the state court lacked jurisdiction.**

**33. Defendants willfully, maliciously, and knowingly violated the FCCPA By utilizing a jurisdictionally frozen state court to file for and execute a Void Writ of Possession, enforcing a collection mechanism they knew Legally did not exist.**

**34. As a direct and proximate result of Defendants' willful statutory viol-Ations, Plaintiff suffered a loss of real and personal property, alongside Mental anguish.**

**COUNT III. CIVIL RIGHTS DEPRIVATION UNDER COLOR OF STATE**

**LAW (42 U.S.C. & 1983-Against all Defendants)**

**35. Plaintiff realleges and incorporates by reference the allegation con-Tained in paragraphs 1 through 22 as if fully set forth herein.**

**36. Plaintiff possessed a fundamental, constitutional protected property Interest in Plaintiff's home under the Fourteenth Amendment.**

**37. Defendants acted "under color of state law" by jointly engaging with State officials, using the state court clerk's office to issue a void writ, and Utilizing the local Sheriff's Office to execute a forced physical lockout.**

**38. Defendants intentionally deprived Plaintiff of property without pro-Cedural due process. By racing to secure the writ on February 24, 2026,-The single day after Plaintiff was unlawfully incarcerated-Defendants inten-Tionally engineered a scenario to bypass notice requirements, knowing Plaintiff was physically unable to object or defend the property.**

**39. As a direct proximate result of Defendants unconstitutional conduct, Plaintiff was deprived of fundamental civil rights, resulting in substantial Financial and personal injury.**

**COUNT IV: COMMON LAW WRONGFUL EVICTION**

**(Florida Common Law-Against all Defendants)**

**40. Plaintiff realleges and incorporates by reference the allegations Contained in paragraphs 1 through 22 as if fully set forth herein.**

**41. Plaintiff was lawful, peaceful possession of the property.**

**42. Defendants completely bypassed lawful eviction procedures by Obtaining and executing an entirely unauthorized, extra-jurisdictional, And void state court Writ of Possession.**

**43. Defendants further violated common-law mandates by executing this Dispossession without serving statutory notice to a tenant/owner known To be held in state custody, permanently displacing, exposing, or destroying Plaintiff's personal belongings left inside.**

**44. As a direct and proximate result of Defendants wrongful eviction, Plaintiff has suffered catastrophic loss of property use and severe Emotional distress.**

**COUNT V: CLAIM OF PRELIMINARY AND PERMANENT**

**INJUNCTIVE RELIEF (42 U.S.C. & 1983 and inherent Equity Powers-Against all Defendants)**

**45. Plaintiff reallege and incorporates by reference the allegations contained in paragraphs 1 through 22 as if fully set forth within.**

**46. Plaintiff requests that this Court exercise its inherent equitable authorIty and powers under 42 U.S.C. & 1983 to grant a preliminary injunction, Later to be made permanent, enjoining Defendants from continuing to enForce or benefit from the state court's void March 11, 2026 Writ of PossessIon, and ordering the immediate restoration of Plaintiff's physical possessIon of the property.**

**47. Substantial Likelihood of Success on the Merits. Plaintiff established a Substantial likelihood of success on the merits. Under 28 U.S.C. & 1446(d) And binding United States Supreme Court precedent in Roman Catholic Archdiocese of san Juan v. Acevedo Feliciano, 589 U.S. (2020), the state Court was completely stripped of subject-matter jurisdiction because the Federal court never issued a formal remand order following its December**

**2, 2025 dismissal. Consequently, the state court's March 11, 2026 writ is Void ab initio, rendering Defendants' subsequent dispossession of Plaintiff A severe, continuing violation of constitutional due process under the color Of state law.**

**40. Irreparable injury. Plaintiff will suffer immediate and irreparable in-Jury unless an injunction issue. Under well-established federal jurispru-Dence, real property is unique, and the unlawful loss of one's primary Residence cannot be fully remedied or calculated by monetary damages Alone. Furthermore, Defendants' extra-jurisdictional seizure of the Property while Plaintiff was incapacitated in state custody constitutes an Ongoing, irreparable deprivation of Plaintiff's Fourteenth Amendment Civil rights**

**41. Balancing of Hardships. The balance of hardship weighs heavily in Plaintiff's favor. Issuing an injunction merely forces Defendants to respect Mandatory federal removal and remand statutes and returns the parties To the lawful status quo ante. Conversely, denying the injunction leaves**

**Plaintiff entirely homeless, dispossessed of a unique asset, and stripped of Personal property via an completely void legal instrument. Defendants face Vero cognizable legal hardship by being prohibited from enforcing an in-Valid writ.**

**42. The Public Interest. A preliminary and permanent injunction is entirely Consistent with the public interest. The public has overwhelming interest In maintaining the integrity of the federal judicial system, upholding con-Stitutional due process, and ensuring that sophisticated financial institu-Tions and their legal counsel strictly adhere to statutory jurisdictional Boundaries before taking a citizen's home.**

**PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff respectfully request that this Court enter jud-Ment in Plaintiff's favor and against Defendants JPMorgan Chase Bank, N.A., Lender Legal PLLC, and Alexandra Kalman, Esq., jointly and Severally, for the following relief.**

**A. Actual Damages: Award actual compensatory damages in an amount**

**To be determine at trial for the loss of property use, loss of value, and the Destruction of personal property.**

**B. Statutory Damages: Award maximum statutory damages of $1,000 Pursuant to FDCP (15 U.S.C. & 1692k) and $1,000 per Defendant pursuant To the FCCPA (Fla. Stat. & 559/77);**

**C. Punitive Damages: Award punitive damages against all Defendants Under 42 U.S.C. & 1983 and Fla. Stat. & 559.77 for their malicious, Reckless, and bad-faith disregard of federal statutory boundaries and Constitutional due process;**

**D. Cost: Award Plaintiff out-of-pocket litigation cost associated with filing This action and hotel cost and;**

**E. Equitable Relief: Grant any such other and further legal or equitable Relief as this Court deems just, proper, and necessary to restore the status Quo.**

**DEMAND FOR JURY TRIAL**

**Plaintiff hereby demands a trial by jury on all issues so triable.**

**Dated: September 17, 2026**

**Respectfully submitted,**

**S/DERREL LEONARD THOMAS, PRO-SE**

**12102 KILLIAN ST.**

**SPRINGHILL, FL 34608**

**PHONE NO. 352-238-9730**

**EMAIL. DERRELTHOMAS50@GMAIL.COM**